TIMOTHY M. BROWN & another *vs.* HOLYOKE WATER POWER COMPANY.

SAME *vs.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

Hampden.    September 27, 1892. — October 21, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Taxes — Preferred Claim against Insolvent Estate — Lien — Deed of Mortgagees.*

Mortgaged property was sold by the second and first mortgagees subject to any valid liens upon it, and the statement was made at each of the sales that there "were certain unpaid taxes which were claimed to be a lien upon the property." There were in fact unpaid taxes due to the city which the tax collector subsequently proved as a preferred claim against the estate in insolvency of the mortgagor, and the assignees of the latter brought actions against the mortgagees to recover the amounts paid by them. *Held,* that the election by the tax collector to prove the amount of the taxes against the estate in insolvency, instead of enforcing the liens against the property in the hands of the purchasers, did not create an obligation on the part of the mortgagees to pay the assignees the amount of the taxes, and that it was immaterial that the deeds given by the mortgagees did not state that the property was conveyed subject to these liens.

CONTRACT, to recover the amount of certain taxes paid by the assignees of the Winona Paper Company. The cases were submitted to the Superior Court, and, after judgment for the plaintiffs, to this court on appeal, on agreed facts, which, so far as material, appear in the opinion.

*T. M. Brown, pro se.*

*G. Wells,* for the defendants.

FIELD, C. J.   The plaintiffs are the assignees in insolvency of the Winona Paper Company.   The defendant in the first case held a second mortgage, and the defendant in the second case held a first mortgage, upon the real property of the paper company, and they sold the property under the power contained in their respective mortgages for breach of condition.   The property was sold subject to any valid liens upon it, and the statement was made at each of the sales that there " were certain unpaid taxes which were claimed to be a lien upon the property."   The sales were made on June 9, 1891, and there were in fact unpaid taxes due to the city of Holyoke for the year 1890, amounting to $4,356.87, and for the year 1891, as afterwards assessed, amounting to $4,219.05, which the tax collector subsequently proved as a preferred claim against the estate in insolvency of the paper company, and the claim was allowed by the court and paid by the plaintiffs.

The Holyoke Water Power Company, as second mortgagee, under the power contained in its mortgage, sold the property described therein to Lewis J. Powers, and delivered to him a quitclaim deed of it, and the Massachusetts Mutual Life Insurance Company, as first mortgagee, sold the property described in its mortgage to Moses Newton and Lewis J. Powers, and delivered to them a quitclaim deed of it.   In these deeds there are no covenants, and there is no reference to any liens upon the property.   The deeds and the accompanying affidavits seem to be regular in form and to have been duly recorded, and it must be taken that the deed of the insurance company conveyed the property to Newton and Powers and their heirs subject to any liens upon the property which were valid as against the first mortgage, and that the liens for the taxes assessed in the years 1890 and 1891 were such liens.   The mortgagees, in selling the property, seem to have acted strictly according to their legal rights.   They were not bound in law themselves to pay off the liens, as they had never taken possession of the property, and they were not bound to insist that the purchasers of the property should expressly promise to pay off these liens.   They had the right to sell the property subject to prior liens, and they gave notice at the sale of the existence of the liens.   The tax collector could have enforced the liens against the property in the hands

of the purchasers, and perhaps it would have been equitable as between all the parties that he should have done this; but he had the right to collect the taxes in the easiest way, and he elected to prove the amount of them against the estate in insolvency of the paper company. This election does not of itself create an obligation on the part of the mortgagees to pay the plaintiffs the amount of the taxes; it was subsequent to the sale by the mortgagees, and after the sale and conveyance they no longer had any interest in the property upon which the taxes were liens. It is argued that in the deeds given by the mortgagees it should have been stated that the property was conveyed subject to these liens. The purchasers actually took the title subject to these liens, and the omission to state this in the deeds cannot be considered as material, because it could be shown by oral testimony that the property was sold with notice of the liens, and with the understanding on the part of the purchasers that it was to be conveyed subject to the liens. Such evidence does not tend to contradict a deed which contains no covenants. *Preble* v. *Baldwin*, 6 Cush. 549. *Carr* v. *Dooley,* 119 Mass. 294. *Skilton* v. *Roberts*, 129 Mass. 306. *Flynn* v. *Bourneuf,* 143 Mass. 277. *Graffam* v. *Pierce*, 143 Mass. 386. *Simanovich* v. *Wood*, 145 Mass. 180. Whether in equity the plaintiffs have a cause of action against the purchasers at the sale under the first mortgage, or against the owners of the property at the time when the taxes were paid, to compel them either to pay the amount of the taxes or to have the land sold and the proceeds applied toward the payment, need not be decided in these cases. See *Fiacre* v. *Chapman*, 5 Stew. 463 ; *Simmons* v. *Lyle*, 32 Grat. 752, 763 ; *Greenwell* v. *Heritage*, 71 Mo. 459 ; *Ætna Ins. Co.* v. *Middleport*, 124 U. S. 534 ; *Hermanns* v. *Fanning*, 151 Mass. 1 ; *Wallace* v. *Conrad*, 3 Nat. Bankr. Reg. 41.

The judgments of the Superior Court must be reversed, and there must be, in each case,

*Judgment for the defendant.*