MARVIN M. TAYLOR, assignee, *vs.* MARIA WILCOX, appellant.
SAME *vs.* INHABITANTS OF OXFORD, appellant.

Worcester. October 1, 2, 1896. — February 25, 1897.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Insolvent Debtor — Evidence — Tax — Subrogation.*

If a mortgage of land, providing that the mortgagor or those having his estate in the premises shall pay the taxes upon it, is foreclosed under a power of sale therein, a statement made at the sale by the assignee in insolvency of the mortgagor, that a tax assessed on the land had been or would be taken care of from the insolvent estate, upon the strength of which statement the land is bought, is admissible in evidence at the trial of an appeal from the disallowance of a claim presented against the insolvent estate for the amount of the tax paid by the purchaser, upon the assignee's refusal to pay it, to prevent a sale for the tax.

The purchaser at a sale of land under the foreclosure of a mortgage, who buys upon the strength of the statement by the assignee in insolvency of the mortgagor, that a tax assessed on the land had been or would be taken care of from the insolvent estate, and who subsequently pays the tax, upon the assignee's refusal to do so, to prevent a sale therefor, is entitled to be subrogated to the right of the town to prove the tax in insolvency as a privileged claim.

TWO APPEALS to the Superior Court from the disallowance by the Court of Insolvency of a claim, alleged to be preferred, against the insolvent estate of the Acworth Manufacturing Company. The cases were heard together, before *Bishop*, J., who reported them for the determination of this court. The facts appear in the opinion.

*C. M. Rice*, (*H. W. King* with him,) for the appellants.

*M. M. Taylor, pro se.*

BARKER, J. These appeals are from the disallowance by the Court of Insolvency of claims presented in that court against the estate of the Acworth Manufacturing Company. Both claims are for the same debt, namely, a tax of $222.91, assessed as of May 1, 1892, upon land of the company, and paid on May 7, 1894, by the appellant Maria Wilcox, who on the next day made two proofs of the tax as a preferred debt, one in her own name, and one as agent and on behalf of the town and its tax collector, but for her own benefit. Both claims were disallowed by the Insolvency Court on May 11, 1894, and appeals were taken to the Superior Court, where they were heard together. The Superior Court ordered the claim of Mrs. Wilcox in her own name to be allowed for the sum of $222.91 as a privileged claim, and dismissed the other appeal with the order, "The court having allowed the appellant's claim in another form, the appeal is dismissed," and thereupon reported the cases for our determination.

The lands on which the tax was assessed were on May 1, 1892, subject to a power of sale mortgage dated May 10, 1888, to secure the payment of $25,000, and which also provided that the mortgagor or those holding his estate in the premises should pay the taxes upon them, and save the mortgagee and his assigns harmless therefrom. The mortgage had been given by one Lancaster to one Rhodes, but before May 1, 1892, the mortgagor's estate had passed to and was then held by the company, and the mortgagee's interest had passed to and was then held by Mrs. Wilcox. After May 1, 1892, the company went into insolvency, and Taylor was appointed assignee on December 23, 1892. After this appointment, Mrs. Wilcox foreclosed her mortgage by a public auction sale under the power. The assignee was present at the sale, and there stated that the tax

had been or would be taken care of from the insolvent estate, and the land was sold and purchased upon the strength of the assignee's statement, and was conveyed by the purchaser to Mrs. Wilcox, who was in effect the purchaser at the auction. She requested the assignee to pay the tax, and he refused. She also requested the collector of taxes to prove the tax as a privileged debt in insolvency, but he refused, demanded payment from her, and threatened to sell the land for the tax. Thereupon she paid it, and began these proceedings.

The report states that the assignee objected in the Superior Court to evidence of his statements made at the sale; that no objection was made to the allegations and statements in the proofs, and no question raised as to their form; that if evidence was admissible as to representations and statements made at the sale, the assignee did in some form of words state that the tax had been or would be taken care of from the insolvent estate, and that the purchase was made upon the strength of the statement. The conclusion of the report is to the effect that, if Mrs. Wilcox should be subrogated to the right of the town, and allowed to prove the claim in any form, the allowance is to stand; otherwise the appeals are to be dismissed, or such further order made as to law and justice shall appertain.

1. The assignee was the owner, subject to the mortgage, of the land sold, and would be entitled to the proceeds of the sale after deducting the amount which the holder of the mortgage could retain to satisfy its lien. If the tax was to be borne by the insolvent estate, the land should be sold with that understanding, which would tend to enhance the proceeds of the sale; if it was to be borne by the purchaser, that would tend to lessen the price and the surplus coming to the insolvent estate. Statements made at the sale by the assignee were acts, evidence of which may be received in order to determine the rights of persons who have acted relying on them. See *Brown* v. *Holyoke Water Power Co.* 157 Mass. 280, 282.

2. We are of opinion that Mrs. Wilcox was entitled to be subrogated to the right to prove the tax in insolvency as a privileged claim. A surety, who has paid the claim of a creditor entitled to a priority as against the estate of the principal debtor, is subrogated to the creditor's rights of priority. *Hunter*

v. *United States,* 5 Pet. 173, 182; *United States* v. *Preston,*
4 Wash. C. C. 446.  *Lidderdale* v. *Robinson,* 12 Wheat. 594.
*Manisty* v. *Churchill,* 39 Ch. D. 174.  An owner of property
who is obliged, in order to preserve his title, to pay off a pre-
existing lien, is entitled to subrogation, and we see no reason
why his right should not extend to any priority to which the
creditor whose lien he is compelled to extinguish is entitled, as
in the case of a surety.  Subrogation is not allowed where it
would work injustice.  In the present case it works no injustice,
because the fund out of which subrogation will compensate Mrs.
Wilcox for extinguishing the lien has, by reason of the terms of
sale under which she became purchaser, had the benefit of a
price fixed upon the understanding that the tax should be borne
by that fund.  See *Wall* v. *Mason,* 102 Mass. 313, 316.

Equitable liabilities may, since the passage of St. 1884, c. 293,
be proved in insolvency as debts, and it was right to allow Mrs.
Wilcox as the holder of such a liability to prove the tax as a
privileged claim in her own name.

*Decree of Superior Court affirmed in each case.*