EQUITABLE TRUST COMPANY OF NEW YORK, trustee, *vs.*
CLARENCE H. KELSEY, receiver, & another.

Suffolk.    March 20, 1911. — June 22, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Jurisdiction*, Subrogation.    *Tax*, Collection.    *Receiver*.

A corporation, organized under the laws of the State of New York, had made a
mortgage to secure its bonds covering certain real estate in this Commonwealth.
In the mortgage the corporation covenanted with the trustee to pay and dis-
charge all taxes and assessments lawfully imposed upon the mortgaged prop-
erty.   The corporation became insolvent, and a receiver was appointed in the
State of New York, who also was appointed ancillary receiver of the property
of the corporation in this Commonwealth.   The trustee under the mortgage
instituted proceedings in this Commonwealth to sell the real estate here at fore-
closure sale.   Before the trustee took possession of the real estate in this Com-
monwealth under the mortgage, the city in which it was situated assessed a tax
upon it and threatened to sell it for non-payment of taxes.   The ancillary re-
ceiver refused to pay the tax, although he had in his hands in the ancillary
proceedings in this Commonwealth assets more than sufficient to pay it.   While
the foreclosure proceedings still were pending and the tax remained unpaid, the
trustee under the mortgage brought a bill in equity against the receiver and the
collector of taxes, alleging the foregoing facts and that a sale by the plaintiff of
the property subject to the tax lien would be to the detriment of the bondhold-
ers, and praying that the receiver might be ordered to pay the tax or that the
plaintiff might pay it and be subrogated to the rights of the collector of taxes
against the receiver.   The defendant receiver demurred.   *Held*, that the de-
murrer must be overruled, because the plaintiff in order to protect the trust
property from an incumbrance, which it was the duty of the insolvent corpora-
tion under its covenant with the trustee to pay, was compelled to pay the debt
of the corporation to the city, and, upon such payment, the plaintiff was en-
titled to be subrogated, not only to the rights of the taxpayer as respected the
lien on the land, but also to the rights of the tax collector against the fund held
by the receiver in this Commonwealth; and that the fact that the tax collector
under St. 1909, c. 490, Part II. § 64, might collect the tax by an action against
the plaintiff was immaterial.

BILL IN EQUITY, filed in the Supreme Judicial Court on Feb-
ruary 23, 1911, by the Equitable Trust Company of New York,
a corporation, as trustee under a mortgage made by the Standard
Cordage Company, also a New York corporation, to secure its
bonds, covering, among other properties, certain parcels of real
estate in Boston commonly known as the Sewall and Day mill

and the Pearson mill, alleging that the plaintiff in the performance of its duty as such trustee instituted foreclosure proceedings to sell the real estate at foreclosure sale, that at the time of the filing of the bill such foreclosure proceedings were pending and that the plaintiff was in possession of the properties but it was not in possession of them before December 21, 1910, that by proceedings in the State of New York begun on March 16, 1910, the cordage company was dissolved by a final order made on September 24, 1910, and one Kelsey was appointed the receiver of its property, that Kelsey instituted ancillary proceedings in the Supreme Judicial Court of this Commonwealth and on February 20, 1911, was appointed receiver of all the properties and rights of the cordage company in this Commonwealth, that in the mortgage, above referred to, the cordage company covenanted with the plaintiff to pay and discharge all taxes and assessments lawfully imposed upon the mortgaged property, that on April 1, 1910, the cordage company was in possession of the real estate in question and on that day taxes were assessed upon it by the city of Boston under St. 1909, c. 490, Part I. § 15, to the amount of $7,470.20, that neither the cordage company nor the receiver ever contested the validity or the propriety of such assessment, that the taxes were payable on October 1, 1910, and that interest had been accruing thereon since November 1, 1910, that no part of such taxes had been paid and that the defendant Kelsey refused to pay such taxes, that the assets in the hands of the defendant Kelsey as receiver in the ancillary proceedings exceeded in value $30,000, and that there were no obligations of the cordage company or of the receiver by reason of debts due to the United States or debts due to or taxes assessed by this Commonwealth or by any county, city or town except the taxes mentioned above, that the defendant Parker as collector of taxes of the city of Boston had done all acts which were conditions precedent to a lawful sale of such real estate for non-payment of taxes and threatened to sell the real estate if the taxes remained unpaid, that it was the duty of the plaintiff to procure a sale of the properties in the foreclosure proceedings at as high a price as possible, and that if the properties were sold subject to the lien for taxes the proceeds of the sale would be diminished to the detriment of the holders of the mortgage

bonds, that the value of the properties in this Commonwealth covered by the mortgage were far less than the amount due to the plaintiff as trustee under the terms of the mortgage and that the cordage company was hopelessly insolvent.  The bill prayed, first, that the receiver should be ordered to pay such taxes; second, that, if this relief was not granted, or if the receiver should not pay the taxes forthwith, the plaintiff should be authorized by the court to pay the taxes, and, upon such payment, that it should be subrogated to the rights of the defendant Parker, as collector, to prove the claim for the taxes against the receiver in the ancillary proceedings and to receive payment thereof from the assets then held, or thereafter to be held, by such receiver, with the same right to have the claim paid in priority to all other claims against the receiver or which the defendant Parker, as collector, would have or might have had, upon proof by him of such claim against such receiver; and third, for general relief.

The defendant Kelsey, receiver, demurred to the bill.

The demurrer was heard by *Hammond*, J., who at the request of the parties sustained it *pro forma*, and reported the case for determination by the full court.

*A. S. Hall*, for the defendant Kelsey.

*E. H. Warren*, for the plaintiff.

HAMMOND, J.   The tax was assessed to the Standard Cordage Company, hereinafter called the company; and although there was a lien upon the land the primary liability was upon the company.   *Webber Lumber Co.* v. *Shaw*, 189 Mass. 366.  By the terms of the mortgage, as between the company and the plaintiff, it is the duty of the company to pay the tax.   The tax collector can collect the tax by proving it as a preferred claim against the fund held by the receiver in this Commonwealth (R. L. c. 150, § 29), or by taking measures to enforce the lien upon the land.  He threatens to take the latter course.   The plaintiff therefore in order to protect its own property from an incumbrance which it is the duty of the company, as between it and the plaintiff, to pay, is compelled to pay a debt of the latter.   Upon the payment of the tax the plaintiff is clearly entitled to be subrogated to the rights of the taxpayer so far as respects the lien upon the land. *Eagle Fire Ins. Co.* v. *Pell*, 2 Edw. Ch. 631, 634.   *Farmer* v. *Ward*, 5 Buch. 33.   Jones on Mortgages, (6th ed.) § 358.

And to render complete justice he is also entitled to the rights of the tax collector against the fund held by the receiver in this Commonwealth. *In re Moller*, 8 Bened. 526. As bearing upon the general principle see *In re Lord Churchill*, 39 Ch. D. 174; *Orem* v. *Wrightson*, 51 Md. 34; *Zell's appeal*, 111 Penn. St. 532. The fact that the tax collector may under St. 1909, c. 490, Part II. § 64, collect the tax by an action against the plaintiff is immaterial. The company is still liable as is the fund in the receiver's hands.

There is nothing in this conclusion inconsistent with *Swan* v. *Emerson*, 129 Mass. 289, upon which the receiver relies. It is apparent that in that case the purchaser at the foreclosure sale bought subject to the taxes and that the person to whom the tax was assessed owed to the purchaser no duty in the matter.

*Demurrer overruled.*