HAROLD WILLIAMS JR., receiver, *vs.* OLD COLONY TRUST
COMPANY & others.

Suffolk.   November 12, 1915. — January 7, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, & CARROLL, JJ.

*Receiver.   Mortgage,* Of real estate, Rights of junior mortgagee.   *Equity Jurisdiction,* Subrogation.   *Payment.*

In a suit in equity by the receiver of the property of a corporation to collect assets alleged to belong to him as such receiver, in the absence of any allegation or proof of fraud on the part of the defendant, the plaintiff has no greater rights than the corporation itself would have if entitled to sue.

A corporation made a mortgage of its real estate to secure an issue of $650,000 of first mortgage bonds.   Three years later it made a second mortgage to secure $50,000 of notes given to represent interest due and to become due on the bonds up to a date named.   The second mortgage notes were used to purchase the first mortgage coupons up to that date and these coupons were deposited with the trustee under the second mortgage as additional security for that mortgage. Later a voluntary association, whose members had acquired all the stock of the corporation, undertook to pay off the second mortgage and in fact paid $27,000 of the second mortgage notes.   The trustee under the first mortgage foreclosed that mortgage and the net proceeds of the foreclosure sale were insufficient to pay the principal of the first mortgage bonds.   The receiver of the property of the corporation brought a suit in equity seeking to compel the delivery to him of such portion of the coupons of the first mortgage bonds as had been purchased with the $27,000 of second mortgage notes that had been retired by the voluntary association.   *Held,* that the voluntary association was a mere volunteer for the benefit of its members, and that its payments were made and accepted in partial satisfaction of an outstanding incumbrance which could be discharged fully only by compliance with the conditions of the first mortgage, and that the debt created by the coupons, so far as it had been extinguished, could not be revived to diminish the proceeds of the foreclosure sale which were insufficient to pay the principal of the bonds, and that the bill must be dismissed.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 27, 1915, by the receiver of the property of the Lenox Hotel Company, a corporation organized under the laws of this Commonwealth, against the Old Colony Trust Company, the American Trust Company, Frederick Ayer of Lowell and certain other individual defendants, containing the allegations set forth or described in the opinion, and praying that the plaintiff be declared

to be the owner of the first mortgage coupons held by the defendant the American Trust Company to secure the $27,000 of second mortgage notes taken up by the Associated Trust, a voluntary association mentioned in the opinion, and that the defendant the American Trust Company be ordered to deliver to the plaintiff such portion of the first mortgage coupons deposited with it as were held by it to secure the $27,000 of second mortgage notes so taken up by the Associated Trust; that the defendant Ayer be restrained from participating in the distribution of the proceeds from the foreclosure sale; and that the defendant the Old Colony Trust Company be restrained from making any distribution of any part of the proceeds of the foreclosure sale to the defendant Ayer.

The several defendants demurred to the bill.

The case was heard upon the demurrers by *Crosby,* J., who sustained the demurrers and ordered that the bill be dismissed. A decree in pursuance of this order afterwards was entered by order of *De Courcy,* J.  The plaintiff appealed.

*H. Williams, Jr.,* receiver of the Lenox Hotel Company, *pro se.*

*C. K. Cobb,* for the defendants Ayer, the Old Colony Trust Company and others.

*W. A. Rollins,* for the defendant the American Trust Company.

*J. Noble,* receiver of the Associated Trust, *pro se.*

BRALEY, J.  The decree sustaining the demurrers and dismissing the bill should be affirmed with costs.  The plaintiff as receiver, no fraud on the part of the defendant being alleged, has no greater rights to the property in litigation than the Lenox Hotel Company had, a domestic corporation whose assets he has been appointed to collect.  *Stone* v. *Old Colony Street Railway,* 212 Mass. 459, 462.

The corporation was organized to carry on the business of an hotel, and for this purpose acquired valuable real property which at the date of purchase was subject to a first mortgage given to the defendant, the Old Colony Trust Company, to secure the payment of six hundred and fifty coupon bonds of the par value of $1,000 each, bearing interest at the rate of four per cent per annum, payable semiannually, all of which are held by the individual defendants.  It seems that the enterprise never succeeded financially, and, the interest having fallen into arrears, foreclosure

followed. The net proceeds of the sale, however, are insufficient to pay the principal, and ordinarily the fund would be distributed among the bondholders in proportion to their respective holdings. But, at the date of purchase and of foreclosure, the property also was subject to a second mortgage given more than three years after the first mortgage to the Adams Trust Company, now the defendant the American Trust Company, to secure the payment of certain promissory notes for $50,000 in all, bearing interest at the rate of six per cent per annum, payable semiannually, evidenced by coupons attached to the notes. By an agreement of even date it is provided, that this second mortgage is given to represent interest due and to become due on the first mortgage bonds "up to and including August 1, 1905," and the bondholders covenanted that the trustee under the second mortgage should hold the notes "in escrow," and, as coupons on the bonds matured within the period named, the notes were to be delivered to the bondholders upon surrender of an equivalent amount of coupons, or if any bondholder sold or pledged his bonds, he was to deposit with the first mortgagee sufficient cash to pay the coupons, and receive proportionately a note in accordance with the terms of a letter signed by all parties interested and which by reference is incorporated in the agreement.

The plaintiff bases his claim to participate in the distribution of the fund on the transactions which subsequently arose over the payment of the notes secured by the second mortgage. It is alleged in paragraph five of the bill, that all of the notes were delivered to the bondholders and that the coupons were surrendered to the American Trust Company which now holds them as additional security for the payment of the second mortgage. But by the transaction set forth in the sixth paragraph a voluntary association designated as the Associated Trust, the members of which had acquired all the stock of the hotel company, undertook to pay the second mortgage, principal and interest, and the taxes and interest on the first mortgage. The Associated Trust, which held notes of the face value of $2,000, proposed in writing to the mortgagee to deposit these notes, and to pay the remaining notes by instalments with interest for the account of the defendant Ayer, who now seems to have become the sole owner. And, Ayer having indorsed his consent to the proposal, it was accepted, and

payments amounting to $27,000 were made. If under all the allegations of the bill the position is taken, that the moneys came from the hotel treasury and can be followed as a trust fund, or that, the second mortgage having in substance been given for the payment of coupons on the bonds, the Associated Trust was entitled to participate in the foreclosure fund to the amount of the payments, and the hotel company by subrogation succeeded to their rights, a short answer is, that the Associated Trust was a mere volunteer for the benefit of its members, as the hotel company, as appears from the instrument of proposal, signed only as guarantor, and, the moneys having been mingled with the general assets of the Associated Trust from which payments were made to the mortgagee, the fund cannot be traced and identified. *Wall* v. *Mason,* 102 Mass. 313, 316. *Taylor* v. *Wilcox,* 167 Mass. 572, 575. *Furber* v. *Dane,* 203 Mass. 108, 120, and cases cited. But, even if the hotel company and the Associated Trust are treated as identical, and the moneys advanced by the trust came from the company's funds, the payments clearly appear, from the tenor of all the agreements when read together, to have been made for the specific purpose of preventing the foreclosure of either mortgage and if possible saving the property for the benefit of whoever for the time being was the owner of the equity. The payments having been made and accepted in partial satisfaction of a valid outstanding incumbrance which could be discharged only by full compliance with the conditions of the mortgage under the agreement of payment, the debt in so far as extinguished cannot be revived to deplete securities which are wholly insufficient to discharge the primary obligation. *Pearmain* v. *Massachusetts Hospital Life Ins. Co.* 206 Mass. 377.

*Decree affirmed with costs.*