GLEN WILLITS *vs.* JENCKS MANUFACTURING CO.

FEBRUARY 23, 1934.

PRESENT: Stearns, C. J., Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This cause is before us on appeal of the receiver of the respondent corporation from a decree of the Superior Court directing him, after payment of certain prior preferences and before any payment to other creditors, to pay to the Industrial Trust Co. the sum of $1,773.60, due

from said corporation to the City of Providence for taxes assessed as of June 15, 1932, which amount had been paid by the trust company.

The petition of the trust company, upon which the decree appealed from is based, alleges in effect that the trust company was the owner and holder of a first mortgage on certain real estate of the respondent corporation, upon which property the City of Providence as of June 15, 1932, assessed a tax of $1,882.58 which became a lien upon the same. It appears that this claim for taxes was filed with the receiver and that about March 2, 1933, the sum of $194.46 was paid—presumably by the receiver—on account of said taxes. The petition further alleges that the City of Providence notified the trust company that because of the failure of the respondent corporation to pay said taxes the property would be sold at public auction on June 8, 1933, and that on that date the trust company—to protect the mortgage held by it and prevent the sale of the property—paid to the City of Providence the sum of $1,773.60, the balance of the taxes due plus interest and fees.

The trust company contends that by reason of this payment it is subrogated to the preferential rights of the City of Providence against the assets of the respondent corporation in the hands of the receiver, and prays that the court authorize and direct the receiver, after payment of the expenses of administration and of taxes due this State and the United States and before payment to creditors of the corporation, to pay to the trust company the amount of $1,773.60. The respondent, while admitting that the payment of taxes by the mortgagee entitles it to reimbursement therefor, contends that the indebtedness arising through the tax payment is entitled to no priority but is in the class of general indebtedness.

The sole question involved in this appeal is that of the subrogation of the trust company to the rights of the city against the assets in the hands of the receiver. The trust company cites many authorities to support its contention

that such subrogation is equitable. The respondent urges, upon other authorities, that under the circumstances disclosed by the petition the principle of subrogation should not apply.

The right of the City of Providence to a preference against the assets of the insolvent arises through Sec. 3, Chap. 64, G. L. 1923, the pertinent part of which is as follows: "Whenever any person shall become insolvent . . . town taxes due from him or his estate shall have preference, after debts or taxes due the United States and this state, over all other debts or demands . . ." And Sec. 8, Chap. 32, G. L. 1923, provides that the word "town" may be construed to include "city." These statutes clearly and unequivocally give to the city a preference for the amount of its taxes, and the city, by pressing its claim so preferred, would diminish the estate by the amount thereof. We are now confronted with the question whether in equity the payment of these taxes by another to prevent loss, through failure of the insolvent to perform its duty to pay such taxes, should be permitted to enrich the estate and benefit the general creditors of such insolvent.

The weight of authority supports the proposition that to render "complete justice"—*Equitable Trust Co.* v. *Kelsey*, 209 Mass. 416—the creditor so paying should be subrogated to the rights of the one receiving the payment. We feel constrained to follow the well-reasoned decisions sustaining the principle of subrogation when no circumstances appear to render the same oppressive or inequitable. In the cause before us the estate is not prejudiced by such payment, which was in fulfillment of an obligation of the insolvent. The fact that the payment was necessary to prevent loss to the mortgagee is not sufficient reason for a court of equity to deprive it of its right to a preference. We think the trust company should be subrogated to the rights of the city.

The principle that one paying a preferred claim for the preservation of his rights or security is entitled to be subrogated to any preference of the payee is approved in the

following cases: *First Nat. Bank* v. *Proctor,* 40 Fed. (2d) 841; *In Re Baltimore Pearl Hominy Co.,* 5 Fed. (2d) 553; *Title Guarantee & Trust Co.* v. *Haven,* 196 N. Y. 487, 89 N. E. 1082; *New York University* v. *Amer. Book Co.,* 197 N. Y. 294, 90 N. E. 819; *Taylor* v. *Wilcox,* 167 Mass. 572; *Dunlop* v. *James,* 174 N. Y. 411, 67 N. E. 60; *Texas Bank & Trust Co.* v. *Bankers' Life Co.,* 43 S. W. (2d) 631; 61 A. L. R. p. 587 (note), pp. 601-607. The reasoning upon which the right of subrogation is based is well stated in *Equitable Trust Co.* v. *Kelsey, supra,* in which the court said:

> "The tax was assessed to . . . the company; and although there was a lien upon the land the primary liability was upon the company. . . . By the terms of the mortgage, as between the company and the plaintiff, it is the duty of the company to pay the tax. The tax collector can collect the tax by proving it as a preferred claim against the fund held by the receiver . . . or by taking measures to enforce the lien upon the land. He threatens to take the latter course. The plaintiff, therefore, in order to protect its own property from an incumbrance which it is the duty of the company—as between it and the plaintiff— to pay, is compelled to pay a debt of the latter. Upon the payment of the tax the plaintiff is clearly entitled to be subrogated to the rights of the tax payer so far as respects the lien upon the land. . . . And to render complete justice he is also entitled to the rights of the tax collector against the fund held by the receiver in this commonwealth."

This doctrine is also approved by text writers. Pom. Eq. Juris. (2d) Vol. 5, pp. 5207-8; Harris on Subrogation, ss. 328, 340; Sheldon on Subrogation, § 9; 19 R. C. L. p. 401; 25 R. C. L. p. 1368; 60 C. J. § 11, p. 702.

The appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Temkin & Temkin, Jacob S. Temkin,* for receiver.

*Comstock & Canning, Andrew P. Quinn,* for Industrial Trust Co.