MASSACHUSETTS HOSPITAL LIFE INSURANCE COMPANY *vs.* RUBEN SHULMAN & another.

Suffolk. December 6, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Volunteer. Subrogation. Mortgage,* Real estate: taxes, subrogation.

Sufficient grounds for the maintenance of a suit in equity by a mortgagee of real estate against the mortgagor seeking to be subrogated to the rights of the tax collector as to taxes, which the plaintiff had paid at some time after a sale in foreclosure of the mortgage "subject in no way to unpaid taxes," were not set forth in a bill which included no averments as to the amount received at the sale and the status of the plaintiff in respect to the land after the sale, nor would there have been such grounds if the bill had been amended by the addition of an averment that the payment was made "to preserve" the plaintiff's "security and prevent the creation of a superior lien."

BILL IN EQUITY, filed in the Superior Court on October 9, 1936.

Decrees described in the first paragraph of the opinion were entered by orders of *Gray,* J., and *Williams,* J.

*H. Snyder,* (*S. L. Bailen* with him,) for the plaintiff.

*H. J. Stein,* (*S. B. Stein & L. Shulman* with him,) for the defendant Shulman.

Cox, J. The defendant Shulman's demurrer to the plaintiff's bill was sustained with leave to amend. The plaintiff seasonably moved to amend but its motion was denied. A final decree was entered dismissing the bill with costs. The plaintiff appealed from the interlocutory decree sustaining the demurrer, the order denying its motion to amend and the final decree.

The material allegations of the bill are: "1. That on or about August 31, 1917, the respondent Ruben Shulman, alias, became the owner of the equity of the premises located at 1901–1903 Washington Street, and 2–10 Worcester Place, in Boston, county of Suffolk, and that your complainant was the holder of the first mortgage on the said property"; that on April 1, 1934, April 1, 1935, and January 1, 1936, the premises were assessed to Shulman as required by statute; that on or about April 3, 1936, the plaintiff, as holder of the first mortgage, took possession of the premises for breach of conditions contained in the mortgage and on or about that date sold the premises at foreclosure sale "which said foreclosure sale was subject in no way to unpaid taxes"; that on or about that date there remained certain unpaid balances on the taxes assessed to Shulman for the year 1934 amounting to $1,531.23 and for the year 1935 amounting to $1,409; that the proportional amount of the tax for the year 1936 from January 1, 1936, to April 3, 1936, was $352.51; that there was a primary liability on Shulman to pay those taxes; that the plaintiff had made several demands on Shulman to pay the outstanding taxes but that he had failed so to do; "11. That your complainant paid to the city of Boston the above stated real estate taxes on the aforesaid premises which were assessed to the said respondent, Ruben Shulman, alias, and that said respondent, Ruben Shulman, alias, therefore owes your complainant the above-stated amounts, viz., $3,292.74, which was paid by the said complainant together with interest from April 3, 1936." Further allegations of the bill are to the effect that Shulman

is the owner of certain stock in the defendant corporation, and the plaintiff asks that its claim be established, the stock sold and the proceeds applied to the payment of the claim (G. L. [Ter. Ed.] c. 214, § 3 [8]). The grounds of the demurrer are: (1) the matters contained in the bill are insufficient in law to enable the plaintiff to maintain its suit; (2) the plaintiff's bill does not set forth a cause of action. The plaintiff's motion to amend was by striking out the quoted paragraphs 1 and 11 of its bill and substituting the following: "1. That on or about August 31, 1917, the respondent, Ruben Shoolman, alias, became the owner of the premises situated at 1901–1903 Washington Street, and 2–10 Worcester Place, in Boston, county of Suffolk, and remained the owner of said premises until on or about April 3, 1936; that your complainant was the holder of the first mortgage on the said property, and remained the holder of said first mortgage until on or about April 3, 1936, when said premises were sold at foreclosure sale, as hereinafter set out"; "11. That your complainant in order to preserve its security and prevent the creation of a superior lien in said premises, paid to the city of Boston the aforesaid real estate taxes on the premises at 1901–1903 Washington Street, and 2–10 Worcester place, Boston, County of Suffolk, which were assessed to the said respondent, Ruben Shoolman, alias, as aforesaid, and that said respondent, Ruben Shoolman, alias, accordingly owes your complainant said amount, viz. $3,292.74, which was paid by said complainant, together with interest." The plaintiff contends that it is entitled to be subrogated to all rights of the tax collector by reason of having paid the taxes in the circumstances alleged in the bill, including the enforcement of the personal obligation of the taxpayer. See G. L. (Ter. Ed.) c. 60, § 35. We do not think the allegations support that contention and are of the opinion that the demurrer was sustained rightly.

It has been held that although there is a lien upon the land for the assessed tax (G. L. [Ter. Ed.] c. 60, § 37, as amended), the primary liability to pay it is upon the person assessed. *Dunham* v. *Lowell*, 200 Mass. 468. *Equitable*

*Trust Co. of New York* v. *Kelsey,* 209 Mass. 416. If a tax remains unpaid for three months after commitment to the collector, he may maintain an action in his own name against the person assessed therefor in the same manner as for his own debt. G. L. (Ter. Ed.) c. 60, § 35. If a mortgagee, before foreclosure, is required to pay the taxes on the mortgaged premises in order to protect his security he is entitled to be subrogated to the rights of the tax collector. *Equitable Trust Co. of New York* v. *Kelsey,* 209 Mass. 416. And in the case of the assignee of a mortgagee, who purchased at the foreclosure sale upon the understanding that the taxes would be paid and was required to pay the tax to protect her title, it was said, "An owner of property who is obliged, in order to preserve his title, to pay off a preexisting lien, is entitled to subrogation, and we see no reason why his right should not extend to any priority to which the creditor whose lien he is compelled to extinguish is entitled, as in the case of a surety . . ." *Taylor* v. *Wilcox,* 167 Mass. 572, 575. See *Webber Lumber Co.* v. *Shaw,* 189 Mass. 366.

The bill before us says nothing as to the exact date when the taxes were paid, the amount received at the foreclosure sale or who the purchaser was. Even though the foreclosure sale was "subject in no way to unpaid taxes," no obligation on the part of the plaintiff to pay them is disclosed. If the taxes were not paid until after the foreclosure sale, there is nothing to show that the plaintiff had any further concern in the property, it not appearing that the plaintiff was the purchaser. The sale had exhausted the power contained in the mortgage. The taxes assessed for the year 1936 were payable in two equal instalments on July 1 and October 1 of that year. It is a matter of common knowledge that the amount of tax for a given year on a given piece of land is unascertainable so early as April 3, although taxes are a lien upon the land upon which they are assessed from January 1 of the taxable year. G. L. (Ter. Ed.) c. 60, § 37, as amended. It is apparent that the proportionate part of the 1936 tax could not have been paid prior to April 3. We are of the opinion that the bill as demurred to failed to disclose the

plaintiff as anything more than a volunteer. As such it would not be entitled to subrogation. *Newell* v. *Hadley,* 206 Mass. 335, 342, 343, and cases cited.

By the amendment which was offered the plaintiff sought to have it appear by the bill (1) that the plaintiff and the defendant continued as mortgagee and owner respectively up to the date of the foreclosure sale, and (2) that the plaintiff paid the taxes "in order to preserve its security and prevent the creation of a superior lien in said premises." While the allowance of an amendment is a matter of discretion, yet the exercise of that discretion is reviewable on appeal. We do not think the judge exercised his discretion wrongly in denying the motion. The right to subrogation rests upon equity. *Amory* v. *Lowell,* 1 Allen, 504, 507. *Stevenson* v. *Austin,* 3 Met. 474, 484. If the taxes were paid prior to the foreclosure sale the amount paid could have been added to the mortgage debt. G. L. (Ter. Ed.) c. 60, § 58, as amended. And while the mortgagee was not required to do this, *Home Savings Bank* v. *Boston,* 131 Mass. 277, yet if so paid, in whole or in part, the amount received at the sale, if disclosed, well might have an important bearing on the rights of the parties. If the taxes were not paid until after the foreclosure sale, as we think a part could not have been, then the status of the plaintiff, if disclosed, whether as purchaser at the sale or not or as obligated in some way to pay the taxes, would be material. The proposed amendment to the first paragraph of the bill would have been helpful and unobjectionable, but we do not think that the bald allegation in the proposed new eleventh paragraph, that "your complainant in order to preserve its security and prevent the creation of a superior lien in said premises" paid the taxes, went far enough to require us to reverse the decision of the trial judge.

> *Order denying plaintiff's motion to amend affirmed.*
> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs.*