HAGOP BOGIGIAN *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

HELEN J. C. BOGIGIAN *vs.* SAME.

Worcester. November 12, 1923. — April 15, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Tax,* On income: abatement.

One assessed with an income tax for the years 1919, 1920, and 1921 cannot maintain in the Superior Court a petition under G. L. c. 62, § 47, or under St. 1909, c. 490, Part I, § 80, for the abatement of the tax unless before filing the petition he has paid the tax.

One cannot at the same time seek the relief granted by G. L. c. 62, § 47, for the abatement and repayment of an income tax and also contend that the statute upon which he relies is unconstitutional.

*It was stated*, that one who has applied to the tax commissioner under
G. L. c. 62, § 43, for an abatement of an income tax and, upon his refusal,
has sought to have the commissioner's action reviewed by the board
of appeal in tax matters under § 45, is not prevented by the provision
in § 45, that the decision of the board of appeal shall be "final and con-
clusive," from seeking a writ of certiorari to correct errors of law, if
any, in such proceedings.

PETITIONS, filed in the Superior Court on January 10,
1923, for abatement of income taxes assessed upon the
petitioners for the years 1919, 1920, and 1921.

In the Superior Court, the respondent demurred on the
ground that the petitioners in no way alleged that the in-
come tax sought to be abated had been paid. The demur-
rers were heard by *Morton*, J., and were sustained. The
judge, under G. L. c. 231, § 111, thereupon reported the
petitions and his rulings upon the demurrers to this court
for determination.

The cases were submitted on briefs.

*W. B. Grant, H. E. Whittemore & E. S. Fernald*, for the
petitioners.

*J. R. Benton*, Attorney General, *& D. Kimball*, Assistant
Attorney General, for the respondent.

CARROLL, J. This is a petition for the abatement of taxes
assessed upon income received by the petitioner during the
years 1919, 1920 and 1921. He alleges that for many years
prior to the year 1915 he was a resident of the town of
Lancaster; that in the year 1914 he took up his residence in
California; that he seasonably applied to the commissioner
for an abatement of these taxes and on December 22, 1922,
was notified by the commissioner that his petition for abate-
ment was denied. This petition was then brought in the
Superior Court; the defendant demurred on the ground
that the petition contained no allegation that the taxes
complained of had ever been paid. The demurrer was
sustained.

G. L. c. 62, § 47, gives to the taxpayer who is aggrieved
by the refusal of the tax commissioner to abate the tax,
" and who has paid his tax," the right to petition in the
Superior Court for an abatement. The remedy sought by

the petitioner is under this statute and is given only to one who has paid his tax.

As to tax assessed on income for the year 1921: it is clear that the statute was then effective; and, not having complied with its terms by the payment of the tax the petitioner cannot prevail under these proceedings. He contends that the statute is unconstitutional, on the ground that it requires a nonresident to pay his tax before he can have it abated. Without intimating that the statute is unconstitutional, the petitioner is seeking a remedy given by this particular statute. He asserts a right derived solely from the statute. He cannot, therefore, at the same time urge the unconstitutionality of the enactment under which he seeks his remedy. " If he takes advantage of the protection given by the statute for a review . . . he can enjoy that protection only upon the terms set out in the statute." *Stevens, landowner,* 228 Mass. 368, 374. *Pitkin* v. *Springfield,* 112 Mass. 509. *Moore* v. *Sanford,* 151 Mass. 285. *New York Life Ins. Co.* v. *Hardison,* 199 Mass. 190, 196.

As to the taxes assessed for the years 1919 and 1920: the petitioner contends that as St. 1916, c. 269, § 20, contains no provision requiring the payment of the tax before seeking relief by petition to the Superior Court, and as G. L. c. 62, § 47, requiring this payment, did not become effective until January 1, 1921, the taxes assessed for these years can be abated under the petition without first paying the tax. Although the payment of the tax was not mentioned in § 20 of St. 1916, c. 269, that section provides for the filing of a petition in the Superior Court and directs that the " subsequent proceedings shall be conducted in accordance with the provisions of sections seventy-seven to eighty, inclusive, of Part I of chapter four hundred and ninety of the acts of the year nineteen hundred and nine." This section further enacts that " If an abatement is granted, the amount thereof shall be repaid to the complainant." By § 80 of St. 1909, c. 490, Part I, an abatement may be granted if the court finds that the complainant has complied with the provisions of the law " and has paid the tax." The abatement of the tax in this proceeding was based on the

payment of the tax by the complainant; and his petition under the statute was to recover the money already paid. The court could not grant relief to him unless the tax had been paid and the terms of St. 1909, c. 490, Part I, § 80, controlling the proceedings, provides that before an abatement could be granted, it was essential that the complainant had paid the tax. Section 20, of St. 1916, c. 269, was expressly repealed by G. L. c. 282, and no procedure was provided for after January, 1921, except that mentioned in G. L. c. 62, § 47. It may be added that in the matters affecting procedure statutes may be construed to operate retroactively. See *Stocker* v. *Foster*, 178 Mass. 591; *Woodvine* v. *Dean*, 194 Mass. 40; *Howard* v. *Fall River Iron Works Co.* 203 Mass. 273. It was necessary for the complainant to allege in his petition the payment of the tax; in order to secure the relief sought he must show a compliance with the statute; failing in this the demurrer was properly sustained. See *International Paper Co.* v. *Commonwealth*, 232 Mass. 7, 10; *Lever Brothers Co.* v. *Commonwealth*, 232 Mass. 22, 24.

Without paying his tax, the plaintiff might have applied to the commissioner for an abatement under G. L. c. 62, § 43, and have had that action revised by the board of appeal in tax matters under § 45. *Worcester* v. *Board of Appeal in Tax Matters*, 184 Mass. 460. The words of § 45 that decision by the board of appeal shall be " final and conclusive " do not prevent the use of certiorari by an aggrieved taxpayer. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542. *Commissioner of Public Works of Boston* v. *Justice of Municipal Court of Dorchester District of Boston*, 228 Mass. 12. The opportunity of hearings fully satisfy every constitutional requirement. *Palmer* v. *McMahon*, 133 U. S. 660, 669. The plaintiff cannot recover in these proceedings, since he has failed to bring himself within the terms of the statute.

A decree is to be entered sustaining the demurrer.

*So ordered.*