COMMONWEALTH INVESTMENT CO. *vs.* INHABITANTS OF BROOKLINE.

Norfolk.    May 14, 1929. — June 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Tax,* Abatement.

A payment, by the owner of real estate in a town, of the amount of a tax, interest and charges for which the collector of taxes had purchased the property for the town when no bid was made of an amount equal to the tax and charges at a sale for collection of the tax and a public declaration of that fact had been made, although such payment was made before the recording of the tax deed and under protest, was a payment

for redemption and was not a payment of the tax within the meaning of G. L. c. 59, § 68, which is a prerequisite to the right of the owner to maintain a petition for abatement of the tax.

PETITION, filed in the Superior Court on April 23, 1928, for the abatement of a tax.

In the Superior Court, the petition was heard by *Gray,* J., without a jury, upon an agreed statement of facts. Material facts are stated in the opinion. The judge found for the respondent. The petitioner appealed.

*S. L. Bailen,* for the petitioner.

*P. S. Parker,* for the respondent.

CARROLL, J.   On the first day of April, 1927, the petitioner was the owner of certain real estate in Brookline. The property was assessed for $250,000. The collector of taxes advertised the premises for sale and on January 18, 1928, they were offered for sale. As no one bid an amount equal to the tax and charges, the collector made public declaration of the fact, and gave notice that he purchased for the town the same premises as offered for sale at the amount of the tax and charges and expenses of the levy and sale, "the same not having been paid by the owner." The total amount of the tax, interest and charges for which the sale was made was $5,366.31. On January 20, 1928, before the tax deed was recorded by the collector, the petitioner redeemed the said premises by paying under protest the amount of the tax, fees, interest and charges. On January 24, 1928, the petitioner applied to the assessors for an abatement of the tax. The assessors decided that the premises had been assessed in excess of their fair cash value by the amount of $47,000; that an abatement for that amount would be reasonable; that they were willing to make such an abatement, but could not legally do so "after the proceedings of sale and redemption had taken place as above recited."

In the Superior Court, judgment was entered for the defendant. The judge found and ruled that the petitioner did not pay the tax but redeemed its "property from the tax sale"; that the petitioner was entitled to an abatement and judgment against the town "only if the court finds that the complainant has paid the tax for which . . . [it] has been assessed."

This ruling was right. A person aggrieved by the tax assessed upon him may, within one year after April first of the year to which the tax relates, apply to the assessors for an abatement. G. L. c. 59, § 59. St. 1926, c. 71, § 2. If an abatement is granted and the tax has been paid, the taxpayer is reimbursed by the town to the amount of the abatement allowed; and a person whose tax has been abated "shall be entitled to a certificate thereof." G. L. c. 59, §§ 69, 70.

If an abatement is refused, the taxpayer may file a complaint with the county commissioners, G. L. c. 59, § 64, or he may appeal to the Superior Court, § 65; and under § 68 it is essential before the Superior Court can grant an abatement and render judgment against the town to find that the taxpayer has paid the tax. Section 68 is mandatory. It must be shown that the tax has been paid, and until this was done the Superior Court could not grant the relief asked for. The court had no authority to reimburse the petitioner unless the tax was paid.

Where the assessors are acting within their jurisdiction and relief is sought for an excessive assessment, the remedy given by the statute must be followed: it is the exclusive remedy. *Lincoln* v. *Worcester*, 8 Cush. 55, 65, 66. *Harrington* v. *Glidden*, 179 Mass. 486. The petitioner did not pay the tax; it allowed the property to be sold for taxes; its redemption of the property was not a payment of tax within the meaning of the statute. The tax was extinguished by the enforcement of the statutory lien, and, the taxes not having been paid, the defendant could not under the statute, after the sale of the property, reimburse the petitioner for the excessive assessment.

The petitioner could not, under the facts in this case, ask for an abatement if the property had been sold to a third person, and it cannot prevail against the defendant. The remedy is purely statutory; its conditions must be complied with; and the doctrine of unjust enrichment has no application. In the opinion of the majority of the court judgment for the defendant is to stand.

*So ordered.*