LUCY E. CHOATE *vs.* ASSESSORS OF BOSTON.

Suffolk.    March 6, 1939. — November 27, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Agency,* What constitutes.    *Appellate Tax Board.    Tax,* Abatement.
*Mortgage,* Of real estate: taxes.

The question, whether a finding of fact by the Appellate Tax Board
    based solely on evidence recited in its decision was warranted, was a
    "matter of law" reviewable by this court on appeal from the decision
    under G. L. (Ter. Ed.) c. 58A, § 13, as appearing in St. 1933, c. 321, § 7.
Evidence that a mortgagor stated to the mortgagee that he could not
    "do anything more" and that the mortgagee would "have to do"
    what he thought best about foreclosure, and that, to a suggestion by the
    mortgagee that he ought to have applied for a tax abatement, he replied
    that he was "through" and would "have to leave," warranted a find-
    ing that the mortgagee did not act as the mortgagor's agent in filing
    an application for an abatement in the mortgagor's name after fore-
    closure.
Under G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1933, c. 165, § 1,
    a mortgagee in possession of land after foreclosure could not bring in
    his own right an application for an abatement of a tax previously
    assessed to the mortgagor as record owner, without having first paid
    the tax.
Apart from the provisions added to G. L. (Ter. Ed.) c. 59, § 59, by St.
    1933, c. 165, § 1, a mortgagee in possession of land after foreclosure
    could not bring in the name of the mortgagor an application for an
    abatement of a tax, previously assessed to the mortgagor as record
    owner, without authority from him to do so.
A mortgagee in possession after foreclosure was not a "person aggrieved"
    by the failure of assessors to grant an application, filed by the mort-
    gagee in the name of the mortgagor without authority, for the abate-
    ment of a tax assessed to the mortgagor, nor entitled to appeal to the
    Appellate Tax Board under G. L. (Ter. Ed.) c. 59, § 65, as amended.

APPEAL, filed in the Supreme Judicial Court for the
county of Suffolk on September 15, 1938, from a decision
by the Appellate Tax Board.

, *S. D. Ferguson,* for the taxpayer.

*E. K. Nash,* Assistant Corporation Counsel, for the
assessors.

RONAN, J.  Lucy E. Choate on April 1, 1933, was the owner of certain premises in Boston which were subject to a mortgage held by the Massachusetts Hospital Life Insurance Company.  An officer of the company spoke to her about the foreclosure of the mortgage and she said, "Well, I can't do anything more.  You will have to do what you think best about it."  He informed her that she should have applied for an abatement and she replied, "I'm through, I will have to leave."  The mortgage was foreclosed on September 22, 1933, and the insurance company took possession.  The company on December 5, 1933, filed with the assessors an application for an abatement which was signed "Lucy E. Choate, by Massachusetts Hospital Life Insurance Company, Mortgagee in possession."  It was signed by one who described himself as the actuary of the insurance company and gave his address with a law firm with which he was associated.  The tax was paid by the company on May 14, 1934.  The assessors took no action upon the application within four months and an appeal from the failure of the assessors to grant an abatement was filed with the Board of Tax Appeals, now the Appellate Tax Board, by the company on May 25, 1934.  This appeal was signed "Lucy E. Choate by Massachusetts Hospital Life Insurance Company, Mortgagee in possession    By her attorneys," followed by the names of the attorneys.  The Appellate Tax Board, having heard the case under St. 1937, c. 400, § 4, found that the company was not acting as agent of the owner in filing the application.  It ruled that the company could not bring any application for an abatement until after it had paid the tax; and that the board had no jurisdiction to hear the appeal.  But it stated that if it were authorized to determine the matter then it found that the fair cash value was a certain amount, which was less than one half of the assessed valuation.

The appellant sets forth three assignments of error in its claim of appeal: (1) that the board erred in ruling that the company did not act as agent of the owner in filing the application for abatement; (2) that the board erred in ruling that the company was not entitled to file an application for

abatement and to prosecute an appeal in the name of the owner without having first paid the tax; and (3) that there was error in the ruling that the right of the company to file an application and prosecute an appeal in the name of the owner had been superseded by St. 1933, c. 165, § 1.

The scope of the appeal from the board to this court was defined and limited by G. L. (Ter. Ed.) c. 58A, § 13, as amended by St. 1933, c. 321, § 7. This section expressly provides that such an appeal lies only "as to matters of law" raised before the board, and that its decision as to findings of fact is final. Lucy E. Choate did not testify before the board, and the only evidence bearing upon the question of agency between her and the company in filing the application consisted entirely of her conversation with the actuary of the company, which has already been stated. The basis of the finding that the company was not acting as agent of the owner in filing the application is disclosed by the record, and whether the conclusion reached by the board, which could have rested only upon this conversation, was warranted was a matter of law. It was a "question of law" within the terms of the statute. *Commissioner of Corporations & Taxation* v. *J. G. McCrory Co.* 280 Mass. 273, 278. *Assessors of Boston* v. *Garland School of Home Making,* 296 Mass. 378. *Assessors of Weston* v. *Trustees of Boston College,* 296 Mass. 399.

The existence of the relationship of principal and agent and the authority of the latter to represent the former are questions of fact if there is evidence of an appointment by the principal and a delegation to the agent of duties to be performed by him for the principal, or if the conduct of the parties is such that an inference is warranted that one was acting in behalf of and with the knowledge and consent of another. *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30. *R. T. Adams Co.* v. *Israel,* 244 Mass. 139. *Hamilton* v. *Coster,* 249 Mass. 391. *Capitol Amusement Co.* v. *Gallagher,* 268 Mass. 321.

The owner had come to the conclusion that she was unable to avoid a foreclosure of the mortgage and that the mortgagee would have to do whatever it considered advis-

able concerning the foreclosure. When it was suggested that she ought to have applied for an abatement she stated, in substance and effect, that she had no further interest in the property and would have to leave it. She did not seek or accept the aid of the mortgagee to assist her. She had made up her mind to abandon the property. She did not intend to request an abatement of the tax and there is nothing to warrant a belief upon the part of the mortgagee that she desired an abatement. It was not shown that she ever knew an application was filed with the assessors. The finding of the board that the company did not act as agent of the owner in filing the application was free from error. *Shea* v. *Gurney*, 163 Mass. 184. *Jean* v. *Cawley*, 218 Mass. 271. *T. D. Downing Co.* v. *Shawmut Corp. of Boston*, 245 Mass. 106. *Potter* v. *Aiden Lair Farms Association*, 225 Mass. 97. *Broitman* v. *Silver*, 270 Mass. 24. *Coulombe* v. *Horne Coal Co.* 275 Mass. 226.

We pass now to the second and third assignments of error. The Appellate Tax Board ruled that the mortgagee could not "bring an application for abatement of a tax assessed against the record owner on April 1, 1933, without first having paid the entire tax." That ruling must be construed in conjunction with the previous ruling that the company did not act as the agent of the owner in filing the application. The ruling now complained of is not a ruling that the company could not file such an application in the name of the owner if it had been authorized to do so. Neither is it a ruling that the company could not file such an application in the name of the owner on account of St. 1933, c. 165, § 1.

The only remedy available to a taxpayer to secure a reduction of his annual property tax on the ground that the assessment is excessive is by proceedings for an abatement under G. L. (Ter. Ed.) c. 59, § 59. *Central National Bank* v. *Lynn*, 259 Mass. 1, 7. *Commonwealth Investment Co.* v. *Brookline*, 268 Mass. 32. *Maley* v. *Fairhaven*, 280 Mass. 54. An essential step in that procedure is the filing of an application with the assessors. The failure to file such an application bars relief. And an application

that does not comply with the requirements of the statute is ineffectual. *Central National Bank* v. *Lynn,* 259 Mass. 1. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489.

The application was not filed by the owner or in her behalf. We need not consider if she could, subsequently to its filing, ratify the action of the company in filing it and enforce a claim for a reduction of the tax, because she has never sought an abatement of the tax. The company, however, filed the application in her name, paid the tax five months afterwards, and then entered an appeal with the board in the name of the owner. At that time, G. L. (Ter. Ed.) c. 59, § 59, which gave the owner to whom a tax was assessed the right to seek and secure an abatement, had been amended by St. 1933, c. 165, § 1, by the addition of the following sentence: "If a person other than the person to whom a tax on real estate is assessed is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax, he may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax, which after the payment thereof shall be deemed for the purposes of such application, appeal or action, to have been assessed to the person so paying the same." The section as amended must be read as a unit. Before this amendment, the mortgagee, whether considered as a purchaser subsequent to the assessment date by virtue of the foreclosure of its mortgage or as the first mortgagee, could not maintain in its own name or in its own right proceedings for the abatement of the tax. *Richardson* v. *Boston,* 148 Mass. 508. *Dunham* v. *Lowell,* 200 Mass. 468. *Saftel* v. *Brooks,* 254 Mass. 516. *Mechanics Savings Bank* v. *Collector of Taxes of Holyoke,* 299 Mass. 404, 409. The Legislature created a new right to persons, other than those assessed, who had an interest in the property that was the subject of the tax. The remedy provided by this amendment was a part of a new statutory right and a person who had not complied with the conditions upon which the right was granted could not avail himself of the remedy. *McRae* v. *New York, New Haven & Hartford Railroad,* 199 Mass. 418. *Crosby* v. *Boston Ele-*

*vated Railway*, 238 Mass. 564. *Bickford* v. *Furber*, 271
Mass. 94. It was not unreasonable to require the payment
of the tax before one to whom it has not been assessed, and
consequently was not liable for its payment, could com-
mence proceedings to secure an abatement. The prompt
payment of taxes is necessary for the proper administration
of government. There are instances where the payment of
the tax is a condition precedent to seeking or securing an
abatement. *Bogigian* v. *Commissioner of Corporations &
Taxation*, 248 Mass. 545. *Commonwealth Investment Co.* v.
*Brookline*, 268 Mass. 32. It is clear that, if a mortgagee
seeks an abatement of the tax, in his own name, he must
pay the tax before he commences a proceeding for an abate-
ment. It is only by the payment of the tax that he acquires
the right, in so far as abatement proceedings are concerned,
he would have had if the tax had been assessed to him.
Having made the payment, "he may thereafter prosecute
in his own name any application, appeal or action" for an
abatement of the tax. The term "prosecute" includes the
commencement of an action or a proceeding. *Worcester
County National Bank* v. *Stiles*, 292 Mass. 453. *Gray* v.
*Dahl*, 297 Mass. 260. It is unnecessary to decide whether
the term is broad enough to permit a mortgagee to enter at
some intermediate step in proceedings previously begun by
an owner. In the case at bar the owner did not commence
any proceedings, and the mortgagee did not enter at any
subsequent stage and continue proceedings in its own name.
And for the same reason we are not called upon to deter-
mine whether, in view of the amendment, a person de-
scribed therein no longer has any right to prosecute pro-
ceedings for an abatement in the name of the owner. No
proceedings were taken in the name of the mortgagee and
the latter did not comply with the provisions of the amend-
ment.

The mortgagee, however, contends that it had the right
to maintain these proceedings in the name of the owner.
It is undoubtedly true, that one having a beneficial interest
in a chose in action may enforce his claim in the name of
the person having the legal title, even if such person is un-

willing to permit the use of his name, if he is indemnified
against the payment of costs or expenses that might be
incurred by the prosecution of the claim. *Goodrich* v. *Stevens,*
116 Mass. 170. *Fay* v. *Guynon,* 131 Mass. 31. *Piper* v.
*Childs,* 290 Mass. 560. This principle does not apply to the
case at bar. The tax was assessed not to the mortgagee but
to the owner, who was primarily liable for its payment.
*Rogers* v. *Gookin,* 198 Mass. 434. *Dunham* v. *Lowell,* 200
Mass. 468. *Saftel* v. *Brooks,* 254 Mass. 516. The mortga-
gee could not be compelled to pay the tax. *Home Savings
Bank* v. *Boston,* 131 Mass. 277. *Collector of Taxes* v. *Revere
Building, Inc.* 276 Mass. 576. *Wiggin* v. *Lowell Five Cent
Savings Bank,* 299 Mass. 518. If the tax was not paid the
company could foreclose its mortgage, or it could pay the
tax in accordance with G. L. (Ter. Ed.) c. 60, § 58, and add
the amount to the mortgage debt, or it could pay the tax
and be subrogated to the rights of the tax collector as
against the owner. *Equitable Trust Co. of New York* v. *Kel-
sey,* 209 Mass. 416. *Massachusetts Hospital Life Ins. Co.* v.
*Shulman,* 299 Mass. 312. If the owner had paid the tax
and thereafter secured an abatement, the mortgagee would
not have any rights in the amount of the reimbursement.
The satisfaction of the tax was a matter between the owner
and the tax collector. The owner had both the legal and
the equitable title to any claim for abatement. In other
words, the mortgagee had no beneficial interest in the
owner's right to secure an abatement. Of course, it was
advantageous to the company to have the tax paid or the
assessment reduced to protect the security value of the real
estate, but prior to the amendment of G. L. (Ter. Ed.) c. 59,
§ 59, the mortgagee had no greater right to secure an abate-
ment in its own name than a purchaser from the mortgagor
had subsequently to the assessment date. The case is dis-
tinguishable from *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass.
477, where the owner permitted the purchaser after the tax
date to prosecute proceedings in its name. There the pur-
chaser had agreed to pay the tax and, having made the
payment, it was the only person who had any beneficial
interest in the claim for an abatement.

The filing of the application was unauthorized by the owner, *Hanzes* v. *Flavio,* 234 Mass. 320; *Bateman* v. *Wood,* 297 Mass. 483, and it was entirely lacking in substance and effect. *Rondina* v. *Employers' Liability Assurance Corp. Ltd.* 286 Mass. 209. *Leonardo* v. *DeVellis,* 292 Mass. 239. The mortgagee was not prejudiced by the failure of the assessors to hear an application for an abatement that they had no power to grant, and it was not a "person aggrieved" within the terms of the statute permitting an appeal to the Board of Tax Appeals, afterwards the Appellate Tax Board. G. L. (Ter. Ed.) c. 59, § 65, as amended by St. 1933, c. 167, § 1. *Central National Bank* v. *Lynn,* 259 Mass. 1. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489.

*Petition dismissed.*