BOSTON FIVE CENTS SAVINGS BANK *vs.* ASSESSORS OF BOSTON.

Suffolk.   April 7, 1942. — April 13, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Tax*, On real estate: abatement.   *Words*, "Prosecute."

One who purchased land after the assessment of a tax thereon was not entitled under G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1933, c. 165, § 1, to file an application for abatement of the tax in his own name nor to prosecute an appeal from a refusal of an abatement, unless before such filing he had paid the tax; a payment of the tax after the filing but before the expiration of the time within which an application might be filed was not sufficient.

APPEAL from a decision of the Appellate Tax Board.

*J. F. Sullivan*, for the taxpayer.

*W. S. Casey*, Assistant Corporation Counsel, for the assessors.

FIELD, C.J.   On January 1, 1937, certain real estate in the city of Boston was owned by Mathew and Annie Ambrose.   The local property tax upon such real estate was assessed to them as of that date.   See G. L. (Ter. Ed.) c. 59, § 11, as appearing in St. 1936, c. 92.   The real estate was subject to a mortgage to the Boston Five Cents Savings Bank, herein referred to as the bank, which became the owner thereof on May 19, 1937, by purchase at a foreclosure sale under its mortgage.   The time for filing appli-

cations for abatement of local property taxes on real estate assessed as of January 1, 1937, expired October 1, 1937. G. L. (Ter. Ed.) c. 59, § 59, as amended by St. 1935, c. 187, § 1. On September 23, 1937, the bank filed with the assessors in its own name an application for abatement of the tax in question, and on September 29, 1937, paid the tax in full. No part thereof had previously been paid. The assessors failed to act upon the application within four months, and the bank appealed to the Appellate Tax Board. G. L. (Ter. Ed.) c. 59, §§ 64, 65, as amended. The appeal was dismissed by the Appellate Tax Board on motion of the assessors, the Appellate Tax Board ruling that the "board is without jurisdiction to hear this appeal since the appellant failed to pay the tax before it commenced abatement proceedings." The bank appealed to this court.

The ruling of the Appellate Tax Board was right.

Proceedings for abatement are statutory. Such a proceeding must be commenced by an application conforming to statutory requirements or the Appellate Tax Board is without jurisdiction of the proceeding. *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 492–493. *Choate* v. *Assessors of Boston*, 304 Mass. 298, 301–302. *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 303. *Assessors of Boston* v. *Neal, ante,* 192, 193. As the law stood prior to the amendment of G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, a person in the position of the bank could not have filed an application for abatement in his own name. By said § 59 prior to the amendment an application for abatement could have been filed only by a person "aggrieved by the taxes assessed upon him" or, in some circumstances, by a "tenant of real estate paying rent therefor." *Mechanics Savings Bank* v. *Collector of Taxes of Holyoke,* 299 Mass. 404, 408–409, and cases cited. *Choate* v. *Assessors of Boston,* 304 Mass. 298, 302. The right of the bank to prosecute a proceeding for abatement, though it became the owner of the real estate in question on May 19, 1937, depends upon the provision added to G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, that "If a person other than the person to whom a tax on real estate

is assessed is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax, he may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax, which after the payment thereof shall be deemed for the purposes of such application, appeal or action, to have been assessed to the person so paying the same." Later changes in said § 59 do not affect the decision in the present case. See St. 1939, c. 250, § 1, permitting the holder of a mortgage to apply for an abatement. And see St. 1933, c. 254, § 43; c. 266, § 1; St. 1934, c. 136, § 2; St. 1935, c. 187, § 1.

By the provision added to G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, above quoted, the right to apply for an abatement was granted to "a person other than the person to whom a tax on real estate is assessed" only where such other person "is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax." This provision was a modification of the general principle previously applicable that only a person upon whom a tax had been assessed — or a tenant paying rent — could apply for an abatement. The modification, however, does not extend to every "owner" of real estate who has not been assessed, but extends only to an "owner" who "pays the tax." Notwithstanding the fact that an "owner" holds the real estate subject to a lien for the tax (G. L. [Ter. Ed.] c. 60, § 37, as amended), the Legislature did not see fit to give to such an "owner" the remedy of abatement unless he paid the tax. The words "and pays the tax" in the phrase "is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax" are a part of the description of the persons in whose favor an exception to the general principle is made by St. 1933, c. 165, § 1, amending G. L. (Ter. Ed.) c. 59, § 59. The provision made by this amendment has no application to an "owner" who has not paid the tax. Apart from this provision such an "owner" has no right even to file an application for abatement in his own name which is the commencement of a proceeding for abatement. And by the express language of the provision

the right conferred thereby does not arise until "thereafter," obviously meaning after the payment of the tax. Consequently, an "owner" to whom the tax was not assessed has no right even to file an application for abatement in his own name until he has brought himself within the scope of the provision added to G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, by paying the tax. *Choate* v. *Assessors of Boston,* 304 Mass. 298, 302–303. The application of the bank in its own name to the assessors for an abatement made on September 23, 1937, therefore, was a nullity, as the bank had then no right to make such an application, since it had not then paid the tax.

The payment of the tax by the bank on September 29, 1937, gave the bank no right to "prosecute" the application for abatement previously filed. By the provision added to G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, an owner paying the tax "may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax." But there was no such application. The application filed by the bank was not an "application . . . provided by law." It had been filed without authority of law by a person not entitled to apply for abatement. And the appeal to the Appellate Tax Board by the bank was not an "appeal . . . provided by law," for there can be no such appeal not based upon an "application . . . provided by law." The bank was not aggrieved by the failure of the assessors to pass upon its application that had no standing. See G. L. (Ter. Ed.) c. 59, § 65, as amended. *Choate* v. *Assessors of Boston,* 304 Mass. 298, 305. And the record does not disclose that any application for abatement had been filed by any person other than the bank. Consequently, we need not consider whether the governing statute would permit the prosecution by the bank of a proceeding for abatement, at any stage, that had been duly commenced by the person to whom the tax was assessed. See *Choate* v. *Assessors of Boston,* 304 Mass. 298, 303. The appeal of the bank, therefore, was not rightly before the Appellate Tax Board.

The statute here in question making payment of the tax

a condition precedent to prosecution of a proceeding for abatement by an "owner" to whom the tax was not assessed is of the same nature as the statute considered in *Bogigian* v. *Commissioner of Corporations & Taxation,* 248 Mass. 545 (G. L. c. 62, § 47, repealed by St. 1930, c. 416, § 2), where it was held that payment of the tax was a condition precedent to a petition to the Superior Court for an abatement. The statute there involved conferred the right to bring such a petition upon a taxpayer "who has paid his tax." This language is not distinguishable from the language of the statute here in question, by which an owner who "pays the tax" is given the right "thereafter" to "prosecute" a proceeding for abatement. The right to "prosecute" a proceeding doubtless includes the right to "commence" a proceeding (*Choate* v. *Assessors of Boston,* 304 Mass. 298, 303) as well as to "prosecute" a proceeding already duly commenced, but it does not include a right to "prosecute" a proceeding that was never duly commenced. No proceeding for abatement of the tax here in question was ever duly commenced by an authorized application for abatement. On the other hand, the statute here in question differs from the statute considered in *Commonwealth Investment Co.* v. *Brookline,* 268 Mass. 32 (G. L. c. 59, § 68, repealed by St. 1930, c. 416, § 2), where payment of the tax was a condition precedent to granting an abatement, but not to commencing a proceeding for abatement. *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass. 477, 482. It is clear from the language of the statute now in question that only an "owner" — to whom the tax was not assessed — who "pays the tax" is entitled to take any step thereunder, and that an "owner" can take no such step until "thereafter," that is, after he "pays the tax." This, in the phrase used in the *Hamilton Manuf. Co.* case, is the "inescapable legislative mandate." Page 481. And the commencement of a proceeding for abatement of a local property tax by an application conforming to statutory requirements is an essential step in such a proceeding.

It is urged by the bank that, since the time for applying for abatement did not expire until October 1, 1937, it might

have filed such an application on or before that date and after paying the tax on September 29, 1937. But it did not do so. The statute cannot rightly be construed as providing that payment of the tax on or before the first day of October validates an application filed before such payment. Nor can the application in this case filed on September 23, 1937, rightly be treated as having been filed after the payment of the tax on September 29, 1937. Doubtless, on the other hand, the bank might have paid the tax before it filed the application on September 23, 1937. But it did not do that. There are many instances in the law — too numerous to require citation — where slightly different conduct might have created or preserved rights. Nevertheless, actualities and not potentialities must control. The calendar is inexorable.

The result here reached is in a sense technical. It may well be said that neither the assessors of the city nor the city itself was in any way prejudiced by the fact that the tax in question was not paid until six days after the application for abatement was filed. But a like argument might be made with respect to many restrictions upon the statutory right of abatement. Yet it cannot prevail against a clear legislative mandate. And the requirement of payment of the tax before a proceeding for abatement can be commenced is not so unreasonable that the statute is not to be given its natural meaning as imposing such a condition. See *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 494.

It is unnecessary to discuss in detail the amendment of G. L. (Ter. Ed.) c. 59, § 59, by St. 1939, c. 250, § 1, giving a "holder of a mortgage" a right in some circumstances to apply for abatement. Apart from the fact of the time when this amendment became effective, the bank was not within the scope of the amendment, since neither at the time the bank applied for abatement nor at any time thereafter was the bank a "holder of a mortgage."

*Appeal to the Appellate Tax Board dismissed.*