BOSTON FIVE CENTS SAVINGS BANK *vs.* ASSESSORS OF BOSTON.

Suffolk. April 7, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Taxation,* Real estate tax: abatement.

Under G. L. (Ter. Ed.) c. 59, § 64, as appearing in St. 1938, c. 478, § 1, the authority of assessors respecting the abatement of a real estate tax was exhausted by their failure for four months to act on a valid application for its abatement, and thereafter they had no power to deal with a later application pertaining to the same tax and the taxpayer was not a "person aggrieved" within G. L. (Ter. Ed.) c. 59, §§ 64, 65, as appearing in St. 1938, c. 478, §§ 1, 2, by their failure to act upon the later application for four months, nor entitled to base an appeal to the Appellate Tax Board on such failure.

Payment of the whole or of any part of a real estate tax by the person to whom it was assessed was not a condition precedent to his applying to the assessors for an abatement under G. L. (Ter. Ed.) c. 59, § 59, as appearing in St. 1935, c. 187, § 1.

The provision of G. L. (Ter. Ed.) c. 59, § 64, as appearing in St. 1938, c. 478, § 1, respecting payment of the whole or at least of a specified

portion of a real estate tax of more than $1,000 makes such a payment a condition precedent to an appeal to the Appellate Tax Board from a refusal by the assessors to abate the tax, but does not make it a condition precedent to the application to the assessors.

APPEAL from a decision by the Appellate Tax Board.

*J. F. Sullivan,* for the taxpayer.

*J. W. Kelleher,* Assistant Corporation Counsel, (*R. H. Hopkins,* Corporation Counsel, with him,) for the assessors.

FIELD, C.J. This is an appeal by the Boston Five Cents Savings Bank, herein called the taxpayer, from a decision of the Appellate Tax Board to the effect that it had no jurisdiction of an appeal from the refusal of the assessors of Boston to abate a tax for the year 1938 assessed to the taxpayer on real estate in the city of Boston owned by the taxpayer. The appeal was taken under the statutory provisions for informal procedure. G. L. (Ter. Ed.) c. 58A, § 7A, as appearing in St. 1935, c. 447, and as amended by St. 1938, c. 384.

There was no error.

The matter was heard by the Appellate Tax Board upon a statement of agreed facts. These facts appear: The tax in question in the amount of $5,162.50 was assessed on January 1, 1938, to the taxpayer on certain real estate in the city of Boston. On September 16, 1938, the tax not having been paid, the taxpayer made an application to the assessors, in writing, on a form approved by the commissioner of corporations and taxation, for abatement of such tax. On September 24, 1938, the taxpayer paid the tax. On the same day it made a second application for abatement of the tax without notifying the assessors to disregard the application previously filed. On April 20, 1939, the taxpayer, having received no notice from the assessors as to the disposition by them of either of the taxpayer's applications for abatement, took this appeal to the Appellate Tax Board, reciting in the petition that it had filed its application for abatement with the assessors on September 24, 1938.

The taxpayer relies solely on its application for abatement made to the assessors on September 24, 1938. It

cannot rely on its application for abatement made to the assessors on September 16, 1938, for as a result of the failure of the assessors to act upon such application prior to the expiration of four months from its date, this application was "deemed to be refused" at the expiration of the four months' period — January 16, 1939 — and the right of the taxpayer to appeal to the Appellate Tax Board expired ninety days thereafter, several days before April 20, 1939. G. L. (Ter. Ed.) c. 59, § 64, as appearing in St. 1938, c. 478, § 1. G. L. (Ter. Ed.) c. 59, § 65, as appearing in St. 1938, c. 478, § 2. See also St. 1939, c. 31, §§ 6, 7. An appeal to the Appellate Tax Board on April 20, 1939, based upon the application for abatement made to the assessors on September 16, 1938, would have been taken too late.

The appeal of the taxpayer to the Appellate Tax Board, however, was seasonably taken if, as the taxpayer contends, this appeal was rightly based upon the application for abatement made to the assessors on September 24, 1938. The assessors contend that the appeal was not rightly based upon this application. This contention of the assessors must be sustained.

The taxpayer had no right to appeal to the Appellate Tax Board unless it was a "person aggrieved by the refusal of assessors to abate a tax." G. L. (Ter. Ed.) c. 59, §§ 64 and 65, as amended. But the taxpayer in the present case, with respect to its application for abatement made to the assessors on September 24, 1938, was not a person so "aggrieved." This application was made by the same person and related to the same tax upon the same property as the application made to the assessors on September 16, 1938. At the expiration of four months thereafter, that is, January 16, 1939, the authority conferred by the statute upon the assessors to abate a tax upon this application for abatement came to an end. General Laws (Ter. Ed.) c. 59, § 64, in its amended form, provided: "Whenever a board of assessors, before which an application in writing for the abatement of a tax is or shall be pending, fails to act upon said application, except with the written consent of the applicant, prior to the expiration of four months from the date of filing of such

application it shall then be deemed to be refused and the assessors shall have no further authority to act thereon; provided, that during the period allowed for the taking of an appeal the assessors may by agreement with the applicant abate the tax in whole or in part in final settlement of said application, and shall also have the authority granted to them by section seven of chapter fifty-eight A to abate, in whole or in part, any tax as to which an appeal has been seasonably taken." The facts of the present case do not bring it within either of the exceptions stated in the statute, and the general rule was applicable that at the expiration of the four months' period an application for abatement is "deemed to be refused" and the assessors have "no further authority to act thereon."

While in terms G. L. (Ter. Ed.) c. 59, § 64, as amended, related to an application for abatement and provided that "the assessors shall have no further authority to act thereon," obviously it is not to be construed so that its effect is avoided by the simple expedient of filing more than one application for abatement. Whether or not by G. L. (Ter. Ed.) c. 59, § 59, as appearing in St. 1935, c. 187, § 1 (see St. 1939, c. 250, § 1), a taxpayer was permitted to make more than one application for abatement of the tax on the same parcel of land, the authority of the assessors to abate such a tax was exhausted when they made a final disposition of one such application by failing to act thereon within the four months' period with the result that the application is "deemed to be refused." Upon the facts of the present case the authority of the assessors to abate the tax here in question was exhausted on January 16, 1939. Thereafter the taxpayer's application for abatement of its tax made on September 24, 1938, had no standing before the assessors as the basis for an abatement. And the taxpayer was not "aggrieved by the failure of the assessors to pass upon its application that had no standing." *Boston Five Cents Savings Bank* v. *Assessors of Boston*, 311 Mass. 415, 418. Whether or not the application is to be "deemed to be refused," the result is the same. If the failure of the assessors to act upon the application that had no standing did not constitute a "refusal" of the appli-

cation, there was no "refusal" by which the taxpayer was "aggrieved" and from which it could appeal under G. L. (Ter. Ed.) c. 59, §§ 64, 65, as amended. But even if the application is to be "deemed to be refused" by reason of the assessors' failure to act thereon, the taxpayer was not "aggrieved" thereby for a "person refused an abatement of a tax by assessors who were without jurisdiction to abate such tax is not a 'person aggrieved' by such refusal." *Assessors of Boston* v. *Suffolk Law School*, 295 Mass. 489, 492, and cases cited.

The taxpayer, however, seeks to avoid the effect of the reasoning above set forth on the ground that the application for abatement made by the taxpayer to the assessors on September 16, 1938, did not conform to statutory requirements, so that it had no standing as the basis for an abatement of the tax, and consequently the failure of the assessors to act thereon within the four months' period did not amount to a refusal of the application exhausting the authority of the assessors to deal with an application made by the taxpayer for abatement of the tax in question. The taxpayer's contention is that the application for abatement made by it on September 16, 1938, was invalid as an application for abatement for the reason that the tax sought thereby to be abated had not then been paid.

Where, as here, abatement is sought by the person to whom the tax was assessed, payment of the tax is not a condition precedent to an application for abatement, and consequently the application for abatement made by the taxpayer on September 16, 1938, was not invalidated, so far as action thereon by the assessors was concerned, by the failure of the taxpayer to pay the tax before making such application. General Laws (Ter. Ed.) c. 59, § 59, as appearing in St. 1935, c. 187, § 1, in force on September 16, 1938, contained a general provision that a "person aggrieved by the tax assessed upon him may, on or before October first of the year to which the tax relates," apply to the assessors for an abatement, with a further provision, not here material, applicable to taxes assessed or reassessed under § 75 or § 77. And there is a provision that a "tenant of real estate pay-

ing rent therefor and under obligation to pay more than one half of the taxes thereon may apply for such abatement." Neither expressly nor by implication is payment of such tax made a condition precedent to an application for abatement under either of these provisions. Indeed, the statutory language bringing a tenant of real estate within the general rule indicates that payment of the tax is not a condition precedent to an application for abatement. Such a tenant must merely be "under obligation to pay more than one half of the taxes." By St. 1933, c. 165, § 1, the class of persons entitled to apply for abatements of taxes was enlarged by adding to G. L. (Ter. Ed.) c. 59, § 59, the following provision: "If a person other than the person to whom a tax on real estate is assessed is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax, he may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax, which after the payment thereof shall be deemed for the purposes of such application, appeal or action, to have been assessed to the person so paying the same." The provision so added was continued by St. 1935, c. 187, which merely changed the time within which an application for abatement must be made. Intervening statutory changes by St. 1933, c. 266, § 1, and St. 1934, c. 136, § 2, do not affect the question here presented.

Under the provision added to G. L. (Ter. Ed.) c. 59, § 59, by St. 1933, c. 165, § 1, a person within the class there described, to whom a tax had not been assessed, might apply for abatement of such tax but only if he "pays the tax." The underlying theory of the statute seems plain. A distinction is thereby drawn between the right of a person to whom a tax has been assessed to apply for abatement and such right of a person to whom a tax has not been assessed. A person to whom a tax has been assessed is by reason of the assessment brought within the scope of the abatement provisions, but a person to whom a tax has not been assessed can bring himself within the scope of the provisions only by paying the tax. Prior to the amend-

ment made by St..1933, c. 165, § 1, an owner of real estate. to whom the tax thereon had not been assessed, although holding such real estate subject to a lien for the tax (G. L. [Ter. Ed.] c. 60, § 37, as amended), had no right whatever to apply for abatement in his own name. *Choate* v. *Assessors of Boston,* 304 Mass. 298, 302. By St. 1933, c. 165, § 1, such an owner was accorded that right but only on condition that he had first paid the tax. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 311 Mass. 415, 418. The taxpayer in *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 311 Mass. 415, was such an owner and consequently was required to pay the tax before it was entitled to apply for an abatement. That taxpayer did not come within the general rule governing applications for abatement by the person to whom the tax had been assessed. Statute 1939, c. 250, § 1, incorporating in G. L. (Ter. Ed.) c. 59 a new § 59 — passed after the dates of the applications in the present case — extended the right to apply for an abatement to a "holder of a mortgage on real estate who has paid not less than one half of the tax." Nothing in the statutes relating to these exceptional cases where abatements are sought by persons to whom taxes have not been assessed affects the general rule that a person to whom a tax has been assessed may apply for an abatement thereof without first paying the tax. Such a person is a "person aggrieved" by the assessment, that is, "by the tax assessed," and, by reason of being so "aggrieved," is entitled to apply for abatement. Payment of the tax or any part thereof is not a condition precedent to an application for abatement by such a person.

The conclusion above reached is based upon the provisions of G. L. (Ter. Ed.) c. 59, § 59, as amended, which prescribed the conditions upon which applications for abatement might be made. The taxpayer, however, seeks to take the present case out of the provisions of this section by reason of the provisions of G. L. (Ter. Ed.) c. 59, §§ 64, 65, as appearing respectively in St. 1938, c. 478, §§ 1, 2. See now St. 1939, c. 31, §§ 6, 7.

Section 65, as amended, provided that a "person ag-

grieved as aforesaid may, instead of pursuing the remedy provided in section sixty-four, but subject to the same conditions, appeal to the appellate tax board . . . within ninety days after the time when the application for abatement is deemed to be refused as provided in section sixty-four."

Section 64, as amended, referred to in said § 65, provided that a "person aggrieved by the refusal of assessors to abate a tax on personal property which has been paid, or a tax of not more than one thousand dollars on a parcel of real estate, or a tax of more than one thousand dollars on a parcel of real estate which tax either has been paid or on account of which there has been paid a sum not less than the amount which would be assessable in said year upon a valuation equal to the average of the valuations of said parcel, as reduced by reason of abatements, if any, for the three years next preceding said year, may . . . within ninety days after the time when the application for abatement is deemed to be refused as hereinafter provided, appeal therefrom" to the county commissioners.

Sections 64 and 65, as amended, deal with procedure for abatement of taxes before appellate bodies, the county commissioners and the Appellate Tax Board, and not with procedure for that purpose before tribunals of first instance, the assessors, though § 64 contains the provision that if the assessors fail to act upon an application for four months it shall "be deemed to be refused" and they shall have "no further authority to act thereon," with certain exceptions not here material. Apart from this provision, procedure before assessors is prescribed by G. L. (Ter. Ed.) c. 59, § 59, as amended, and not by §§ 64 and 65, as amended. According to the general rule laid down by said § 59, as amended, a person who is "aggrieved" by the assessment of a tax to him may apply to the assessors for an abatement of such tax, though in exceptional cases a person to whom the tax has not been assessed may apply for an abatement. An appeal under §§ 64 and 65, as amended, can be taken only by a person who is "aggrieved by the refusal of assessors to abate a tax," a different grievance from the grievance that

entitles a person to make an original application for an abatement. Sections 64 and 65, as amended, do not purport to describe the persons who may apply to assessors for abatements or the conditions upon which such persons may so apply, but rather describe the persons who may appeal to the appellate bodies and the conditions upon which such persons may so appeal. Limitations upon the class of persons who may appeal and the conditions upon which such persons may appeal are not to be read as limitations upon the class of persons who may apply to assessors for abatements and the conditions upon which such applications may be made. On the contrary, limitations upon the class of persons who may apply to assessors for abatements and the conditions upon which such persons may apply for abatements are to be read into the provisions governing appeals. No person is entitled to appeal unless he is "aggrieved by the refusal of assessors to abate a tax," and he is not so "aggrieved" if his application to the assessors for an abatement did not conform to the statutory requirements for such an application. *Assessors of Boston* v. *Suffolk Law School,* 295 Mass. 489, 492. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 311 Mass. 415, 418.

Conformity to the statutory requirements for an application to the assessors for abatement is not only a condition precedent to such an application but also a condition precedent to an appeal to the Appellate Tax Board. The appeal of the taxpayer in *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 311 Mass. 415, failed by reason of lack of compliance with these requirements, particularly the requirement of G. L. (Ter. Ed.) c. 59, § 59, as amended, applicable to the limited class of taxpayers to which that taxpayer belonged, of payment of the tax before making application to the assessors for abatement. But there is another condition precedent to an appeal to the Appellate Tax Board of general application — unless relief therefrom is granted under G. L. (Ter. Ed.) c. 59, § 65B, as appearing in St. 1938, c. 478, § 3 — that the tax shall have been paid in accordance with the provisions of G. L. (Ter. Ed.) c. 59, § 64, as amended. However, this additional condition prece-

dent to an appeal to the Appellate Tax Board is not also a condition precedent to an application to the assessors for abatement. Payment of the tax is a condition precedent to such an application only when made so by G. L. (Ter. Ed.) c. 59, § 59, as amended, dealing specifically with applications for abatement.

The provisions of G. L. (Ter. Ed.) c. 59, § 65B, incorporated in said c. 59 by St. 1938, c. 478, § 3, are in accord with the conclusion that the payment of the tax as required by G. L. (Ter. Ed.) c. 59, § 64, as amended, is a condition precedent only to an appeal to an appellate body and is not a condition precedent to an application to assessors for abatement. General Laws (Ter. Ed.) c. 59, § 65B, was first enacted by the same statute, St. 1938, c. 478 (see § 3), as substituted a new § 64 in that chapter. See § 1. Obviously these sections are to be construed together. Section 65B deals in terms with the same persons as are dealt with by said § 64. Section 65B provides that such a person who has paid at least one half of the tax required to be paid by § 64, as amended, may "petition the appellate tax board for leave to file an appeal . . . to said board," alleging in such petition "that the petitioner is unable presently to pay such amount of tax, and that, except for failure to comply with the provision of section sixty-four relative to payment of such tax, the petitioner is entitled to an appeal under section sixty-five," and that a single member of the board, if he "finds the allegations in such petition to be true," may "grant leave to such petitioner to file such appeal" upon conditions. Clearly the purpose of § 65B was to permit the Appellate Tax Board to relieve a taxpayer of the requirement of payment of the tax imposed by § 64, as amended, as a condition precedent to an appeal — a purpose consistent with an interpretation of said § 64, as amended, as imposing a requirement of payment of the tax as a condition precedent to an appeal to the Appellate Tax Board but not as a condition precedent to an application to the assessors for abatement. The fact that by the terms of § 65B the taxpayer, in order to obtain the relief provided for thereby, must allege, and a single member of the Appellate Tax Board

must find, that the taxpayer "is unable presently to pay such amount of tax" and that in other respects he "is entitled to an appeal" imports that it is payment of the tax before appealing to the Appellate Tax Board, and not such payment before applying to the assessors for an abatement, that is required by § 64, as amended. And it is somewhat more natural to permit the Appellate Tax Board to relieve a taxpayer from a condition precedent to an appeal to it than from a condition precedent to an application to the assessors for abatement.

The effect of G. L. (Ter. Ed.) c. 59, §§ 64 and 65, as amended, is to impose more rigorous conditions upon an appeal to appellate bodies than upon an original application to the assessors for abatement. But it is not unnatural or unusual to impose more rigorous conditions upon an appeal than are imposed upon an original application to the assessors for abatement. See, for example, *Porter* v. *County Commissioners of Norfolk*, 5 Gray, 365, 368–369; *Commonwealth Investment Co.* v. *Brookline*, 268 Mass. 32, 34.

It follows from what has been said that payment of the tax is not a condition precedent to an application to the assessors for an abatement by a taxpayer to whom the tax had been assessed, and consequently that the present taxpayer's application made on September 16, 1938, was a valid application conforming to statutory requirements, so that at the expiration of four months thereafter — January 16, 1939 — the matter of abatement of the tax in question was finally disposed of by the assessors, subject to appeal, and the assessors had no further authority to act with respect to the abatement of such tax. By the failure of the taxpayer to appeal within ninety days from January 16, 1939, its right to appeal was lost. It acquired no right to appeal by reason of its application to the assessors for abatement made on September 24, 1938, and the failure of the assessors to act thereon within four months. When that four months' period expired the assessors were without authority to act in the matter and the taxpayer was not "aggrieved" by their failure to do so. An appeal based upon this second application, therefore, had no standing.

Since there has been no effective appeal by the taxpayer to the Appellate Tax Board, it is unnecessary for the purposes of the present case to consider at what time, under the provisions of G. L. (Ter. Ed.) c. 59, § 64, as amended, payment of the tax as a condition precedent to an appeal must be made. We may add, however, to avoid misunderstanding, that we interpret the provision of this section that a "person aggrieved by the refusal of assessors to abate . . . a tax of more than one thousand dollars on a parcel of real estate which tax either has been paid or on account of which there has been paid a sum . . . [described in the section] may . . . appeal therefrom" as requiring, as a condition precedent to the appeal, payment of such tax or such sum before such appeal but not before application to the assessors for abatement. The words "has been paid" naturally mean "has been paid" at the time of the appeal. The appeal may be taken if the tax or the sum described in the section has *then* been paid, that is, before the appeal was taken. The alternative interpretation of the words "has been paid" as referring to the time of the refusal of the assessors to abate the tax would be unnatural, and there is no basis in the language of the section for interpreting these words as referring to the time of the application for abatement.

The decision of the Appellate Tax Board was right. Its disposition of the taxpayer's requests for rulings of law requires no independent discussion. The appeal of the taxpayer to the Appellate Tax Board is dismissed.

*So ordered.*