LINCOLN HOTEL COMPANY *vs.* ASSESSORS OF BOSTON.

Suffolk.   December 6, 1944. — January 4, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Constitutional Law*, Taxation, Due process of law, Equal protection of laws.   *Taxation*, Real estate tax: abatement.

G. L. (Ter. Ed.) c. 59, §§ 64, 65, and 65B, as amended in 1938 and 1939, so far as they require payment of all or a part of a real estate tax of more than $1,000 as a condition of seeking an abatement thereof before the Appellate Tax Board after a failure by the assessors to act on an application therefor for four months, do not deprive the taxpayer of due process of law nor deny him the equal protection of laws in violation of the Fourteenth Amendment to the Federal Constitution or of the Declaration of Rights of the Constitution of this Commonwealth.

APPEAL from a decision by the Appellate Tax Board.

The taxpayer's petition sought abatement of a real estate tax of $2,993, and stated that the tax had not been paid. The assessors filed a motion to dismiss on the ground of nonpayment of the tax. The motion was allowed by the board, which also denied the following request for ruling by the taxpayer: "In so far as §§ 64, 65, and 65B of G. L. c. 59, as amended, require payment of tax by . . . [the taxpayer] before permitting an appeal to this board from the refusal of assessors to abate a tax based on an over-valuation of property, said chapter [*sic*] is unconstitutional and void as a deprivation of the property of the . . . [tax-payer] . . . without due process of law [and] a denial to it of the equal protection of the laws . . . in violation of the provisions of § 1 of art. 14, in addition to and amendment of the Constitution of the United States of America, and in violation of the provisions of arts. 10, 11 and 12 of Part the First of the Constitution of the Commonwealth of Massachusetts."

The case was submitted on briefs.

*J. I. Moskow & A. Moskow*, for the taxpayer.

*W. J. Wallace*, Assistant Corporation Counsel, *& W. H. Kerr*, for the assessors.

RONAN, J. This is an appeal from an order of the Appellate Tax Board dismissing a petition filed with said board seeking an abatement of a tax assessed for the year 1943 on real estate, in Boston, owned by the appellant. The petition alleges that the assessors had refused to abate the tax and is based upon the single ground that the property was assessed for more than its fair cash value. The petition alleges that the tax has not been paid and no contention is made that any part of it has been paid. The Appellate Tax Board dismissed the petition, having found that the tax was not paid as required by G. L. (Ter. Ed.) c. 59, §§ 64, 65, as amended by, and § 65B as inserted by, St. 1938, c. 478, and §§ 64 and 65 as subsequently amended by St. 1939, c. 31, §§ 6, 7, and St. 1939, c. 366, § 2. See St. 1943, c. 248.

The question presented is whether these three sections

violate any rights of the appellant which are guaranteed to it by the Constitution of the United States or by the Constitution of this Commonwealth. Sections 64 and 65 of G. L. (Ter. Ed.) c. 59, as amended, respectively, provide, in so far as now material, that a person aggrieved by the refusal of the assessors to abate a tax may appeal to the county commissioners or to the Appellate Tax Board if the tax is "on personal property which has been paid, or a tax of not more than one thousand dollars on a parcel of real estate, or a tax of more than one thousand dollars on a parcel of real estate which tax either has been paid or on account of which there has been paid a sum not less than the amount which would be assessable in the year of assessment of the tax upon a valuation equal to the average of the valuations of said parcel, as reduced by reason of abatements, if any, for the three years next preceding said year." Section 65B of G. L. (Ter. Ed.) c. 59, as inserted by St. 1938, c. 478, § 3, provides that a person aggrieved by the refusal of the assessors to abate a tax of more than $1,000 on a parcel of real estate and who has paid not less than one half of the amount of the tax or one half of the amount of the tax that would be assessable in said year upon a valuation equal to the average of the valuations of said parcel, as reduced by reason of abatements, if any, for the three years next preceding said year, if unable presently to pay the amount of the tax remaining unpaid, may request leave from the Appellate Tax Board to file an appeal with said board; and that after a hearing before a member of the board an order may be made requiring the taxpayer to pay in whole or by instalments the amount of the tax remaining unpaid, as a prerequisite to any hearing on the merits of the appeal. Upon compliance with the order, the appeal shall be heard by the board, otherwise the appeal may be dismissed.

The appellant contends that the requirement of payment before it can secure a hearing for the abatement of the tax is violative of its constitutional rights. It is doubtful if this point is open to the appellant. The principle has been frequently applied that one having recourse to a statutory remedy must accept the remedy as a whole with its bur-

dens as well as its benefits, and that he cannot accept the benefits of the statute creating the remedy and at the same time deny its validity. *Moore* v. *Sanford,* 151 Mass. 285. *Gordon* v. *Richardson,* 185 Mass. 492. *Opinion of the Justices,* 251 Mass. 569. *Criscuolo* v. *Department of Public Utilities,* 302 Mass. 438. *Cahalan* v. *Department of Mental Health,* 304 Mass. 360. *Nichols* v. *Commissioner of Public Welfare,* 311 Mass. 125. *Shemeth* v. *Selectmen of Holden, ante,* 278. We need not decide that, if recourse to a petition for abatement is foreclosed because the statute creating the remedy is invalid, a taxpayer is without a remedy. It has been held that a taxpayer may seek relief in equity where no other avenue is available to him to challenge the assessment. *Howes Brothers Co.* v. *Unemployment Compensation Commission,* 296 Mass. 275. Without further discussion, we assume in favor of the appellant that the validity of the statute is open.

The appellant was not required to pay the entire tax before it could file a petition with the board, and it was protected against increase in the tax due to raising the valuation in the tax year, for it need pay only one half of the amount of the tax or one half of the amount calculated upon the average assessment for the three preceding years. The appellant did not pay this one half or file with the board a request for leave to file a petition for abatement because it then was unable to pay the balance of the tax. The failure of the appellant to adopt this course is not without its implications. Such failure does not suggest that the appellant was unable to pay the balance of the tax or that it needed an extension of time in which to do so. Taxes are not payable at the convenience of the taxpayer. Where, as here, only property rights are involved, a taxpayer has no right to withhold payment of a tax assessed by the proper board until the amount of the tax has been judicially determined where adequate means for such determination are afforded to him. *Phillips* v. *Commissioner of Internal Revenue,* 283 U. S. 589, 596–597. *Bowles* v. *Willingham,* 321 U. S. 503, 520. The payment of a tax as a condition precedent to obtaining relief in abatement

is not a novel or unusual feature of our taxing system. *Bogigian* v. *Commissioner of Corporations & Taxation,* 248 Mass. 545, *S. C.* 256 Mass. 142, certiorari denied, 273 U. S. 746. *Commonwealth Investment Co.* v. *Brookline,* 268 Mass. 32. *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass. 477. *Choate* v. *Assessors of Boston,* 304 Mass. 298. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 311 Mass. 415. *Morison* v. *Assessors of Brookline,* 313 Mass. 746. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 313 Mass. 762.

We do not know whether, on account of stress of official business or for some other reason, the assessors did not give the appellant a hearing upon its application for an abatement. There is nothing in our statutes that indicates that the assessors should not hear such applications, *Eastern Racing Association, Inc.* v. *Assessors of Revere,* 300 Mass. 578, 582; *Assessors of Brookline* v. *Prudential Ins. Co.* 310 Mass. 300, 309, but the statute, G. L. (Ter. Ed.) c. 59, § 64, as amended at the time the tax in question was assessed, provided that the failure of the assessors to act upon an application within four months subsequent to its filing, except where the taxpayer otherwise consented in writing, should be deemed to be a refusal to abate and that an appeal might be had to the Appellate Tax Board. It is true that a hearing upon the application of the person assessed before the assessors is not conditioned upon the payment of the tax. G. L. (Ter. Ed.) c. 59, § 59, as most recently amended by St. 1943, c. 166, § 1. *Boston Five Cents Savings Bank* v. *Assessors of Boston,* 313 Mass. 762, 766. This is but an act of grace accorded to the taxpayer by the Legislature. *Phillips* v. *Commissioner of Internal Revenue,* 283 U. S. 589, 599. The taxpayer has no just complaint because it did not get a hearing before the assessors when provision is made, whether or not such hearing was accorded to it by the assessors, for a full hearing before the Appellate Tax Board. "There is no constitutional requirement that that test be made in one tribunal rather than in another, so long as there is an opportunity to be heard and for judicial review which

satisfies the demands of due process, as is the case here."
*Yakus* v. *United States*, 321 U. S. 414, 444.

The contention of the appellant, that a statute that
requires it to pay a tax before it can obtain a hearing upon
the merits is invalid, cannot be sustained.   Every con-
tention that the appellant has raised has already been
considered by this court in *Old Colony Railroad* v. *Asses-*
*sors of Boston*, 309 Mass. 439, and decided against the tax-·
payer.   It is unnecessary to repeat what was there said
and decided.   That decision is decisive in the present case.

*Petition for abatement dismissed with costs.*